The order below is hereby signed.

Signed: July 20 2017



_S. Martin Teel, Jr._
_S. Martin Teel, Jr._
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: | Case No. 17-00104-SMT |
| SANDRA V. WATSON | |
|     Debtor | Chapter 13 |
| DITECH FINANCIAL LLC | |
|     Movant | |
| v. | |
| SANDRA V. WATSON | |
|     Debtor/Respondent | |
| and | |
| AKBAR WAHEED | |
|     Co-Debtor/Co-Respondent | |
| and | |
| NANCY SPENCER GRIGSBY | |
|     Trustee/Respondent | |

### AGREED ORDER MODIFYING STAY AS IT APPLIES TO REAL PROPERTY

THIS CAUSE came on for consideration of the Motion of Ditech Financial LLC ("**Movant**") for relief from stay (the "**Motion**"), and the agreement by Sandra V. Watson ("**Debtor**"). The Court, noting the agreement between the Debtor and Movant as to the relief set forth herein, finds it appropriate to grant the relief requested. The Chapter 13 Trustee and Co-Debtor have not filed a response and consequently are not objecting to the relief requested.

THEREFORE, it is ORDERED that:

1.    The Motion is hereby **GRANTED**.

BWW#: DC-315343

2. The Automatic Stay of 11 U.S.C. § 362(a) (the "**Stay**") is hereby modified. Movant shall forbear from exercising any right to foreclosure pursuant to the Deed of Trust related to the real property located at 5712 4th Street NW, Washington, DC 20011 (the "**Property**") so long as the Debtor remain in compliance with the terms of this Order.

3. Beginning with the August 1, 2017, payment of $1,682.69, and continuing each month thereafter, pursuant to the Deed of Trust, Note, Loan Modification (if any), or other written agreements between the parties (the "**Loan Documents**"), the Debtor shall tender to Movant the regular monthly mortgage payments, as and when they come due and as adjusted for escrow/interest rate changes. A late fee may be assessed in the normal course and pursuant to the Loan Documents. The current address for payments is:

> Ditech Financial LLC
> P.O. Box 0049
> Palatine, IL 60055-0049

4. The total postpetition arrearages due to the Movant as of July 7, 2017 is calculated as follows:

| | | |
|---|---|---|
| Four (4) missed payment(s) of $1,682.69 (April 1, 2017 through July 1, 2017) | = | $6,730.76 |
| Motion for Relief Attorney Fee | = | $850.00 |
| Motion for Relief Filing Fee | = | $181.00 |
| Less Post-Petition Suspense Balance | = | $(0.00) |
| **Total Post-Petition Default** | **=** | **$7,761.76** |

5. The Debtor will cure the post-petition arrears by making a lump-sum payment to Movant at the payment address above, in certified funds, in the amount of $5,000.00 on or before July 20, 2017.

6. The Debtor will cure the remaining post-petition arrears by making a payment to Movant in the amount of $460.31 (said figure representing one-sixth [1/6] of Debtor' remaining post-petition arrears) on or before August 15, 2017, and $460.29 continuing on the 15th day of each month thereafter, through and including January 15, 2018.

7. If the holder of any other Deed of Trust or lien on the Property obtains relief from the Automatic Stay, then the Movant's obligation to forbear from commencing or continuing a foreclosure proceeding shall immediately terminate without any further proceeding in this Court and the Stay is TERMINATED as to Movant.

8. In the event that payment required by this Order is not received by Movant when it is due, or some other action required hereunder is not timely completed, Movant shall file a Notice of Non-compliance (the "Notice") and send a copy to the Debtor via first-class mail. The Notice will describe the nature of the default.

9. Upon the filing of the Notice, the Debtor must take one of the following actions within ten (10) days: i) cure the default or ii) file an objection with the Court stating no default exists.

10. If the Debtor does not take one of the actions within the prescribed time, set forth in the preceding paragraph, the Stay is TERMINATED. Thereafter, Movant may proceed with its *in rem* remedies permitted by the Loan Documents and applicable state law, including but not limited to commencing or continuing a foreclosure action, obtaining or transferring title to the Property, and allowing a foreclosure purchaser or transferee to obtain possession of said Property.

11. The Movant may file a Certificate of Default stating that it has complied with the terms of this Order and may submit, together with the Certificate of Default, a draft order terminating the Stay.

12. If the Debtor default(s) pursuant to the terms of this Order on a third occasion, Movant may file a Certificate of Default advising that the Stay has TERMINATED. The Debtor shall not be entitled to cure the default pursuant to the terms of this Order. Thereafter, Movant may proceed with its *in rem* remedies permitted by the Loan Documents and applicable state law, including but not limited to commencing or continuing a foreclosure action, obtaining or transferring title to the Property, and allowing a foreclosure purchaser or transferee to obtain possession of said Property.

13. Any cure of the Notice must include all amounts set forth therein, including attorneys' fees resulting from the Debtor' default, as well as any payments which have subsequently become due under the terms of this Order and that are due at the time Debtor tenders funds to cure the default. Acceptance of partial payment by the Movant during the cure period shall not constitute a satisfaction or waiver of the Notice.

14. At Movant's discretion, and in order to avoid liquidation of said Property, Movant may offer and provide the Debtor with information regarding a potential Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation options, and may enter into such agreement with the Debtor (subject to further approval by this Court). Movant may also continue to protect its lien pursuant to the Loan Documents, to the extent allowed by law. Movant may not enforce or threaten to enforce any personal liability against the Debtor if the Debtor' personal liability is discharged in this bankruptcy case or while this case remains pending.

15. The Co-Debtor has not filed a response to the Motion, therefore the Co-Debtor Stay imposed by 11 U.S.C. § 1301 is hereby TERMINATED by default.

16. This Order applies to any successor-in-interest of Movant and shall not be subject to the stay of order referenced in Federal Rule of Bankruptcy Procedure 4001(a)(3).

AGREED:

/s/ Gregory Mullen
Gregory Mullen, Esq., MD Fed. Bar No. MD0020
BWW Law Group, LLC
6003 Executive Blvd, Suite 101
Rockville, MD 20852
P: 301-961-6555, F:301-961-6545
bankruptcy@bww-law.com
*Counsel for the Movant*

/s/ Edward V Hanlon
Edward V Hanlon
5510 Cherrywood Lane, Suite G
Greenbelt, MD 20770
*Counsel for Debtor*

cc:

BWW Law Group, LLC, 6003 Executive Blvd, Suite 101, Rockville, MD 20852
Nancy Spencer Grigsby, Trustee, 185 Admiral Cochrane Dr., Suite 240, Annapolis, MD 21401
Edward V Hanlon, 5510 Cherrywood Lane, Suite G, Greenbelt, MD 20770
Sandra V. Watson, 4610 9th Street, NW, Washington, DC 20011
Akbar Waheed, 5712 4th Street NW, Washington, DC 20011

**END OF ORDER**

BWW#: DC-315343